W. H. JORDAN *v.* B. F. LEWIS.

(*Jackson,* April Term, 1931.)

Opinion filed June 11, 1931.

STEELE & STEELE, for plaintiff in error.

J. W. WATKINS, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Jordan appealed to the Court of Appeals from a judgment against him in the Circuit Court which was affirmed

by that court. His petition for *certiorari* has been granted and argument heard. The suit was based on alleged violation of the following sections of Shannon's Code:

"Section 4337. It shall not be lawful for any person in this state, knowingly, to hire, contract with, decoy or entice away, directly or indirectly, any one, male or female, who is at the time under contract or under the employ of another; and any person so under contract or employ of another, leaving their employ without good and sufficient cause, before the expiration of the time for which they were employed, shall forfeit to the employer all sums due for service already rendered, and be liable for such other damages the employer may reasonably sustain by such violation of contract."

"Section 4338. Any person violating the provisions of the first clause of the last section shall be liable to the party who originally had and was entitled to the services of the said employee by virtue of a previous contract, for such damages as he may reasonably sustain by the loss of labor of such employee; and he shall also be liable for such damages, whether he had knowledge of an existing contract or not, if he fails or refuses to discharge the person so hired, or to pay such damages as the original employer may claim, after he has been notified that the person is under contract, or has violated the contract with another person, which amount shall be ascertained, and the collection enforced by action for damages before any justice of the peace of said county where said violation occurs, or the party violating said section may reside."

Among other grounds relied on by petitioner in his assignments of error, it is complained (1) that the trial court excluded testimony offered to the effect that the employee who had been hired by Jordan, after he had

contracted to work land for Lewis for the year 1927, had abandoned his contract for good and sufficient cause; and (2) that the court erred in charging the measure of damages to be the reasonable rental value of the lands which the employee had contracted to work, without instructing the jury that it was the duty of the original employer to have minimized his damages to such extent as he might reasonably have done, either by working the land himself, or procuring a substitute renter.

The view of the trial court, concurred in by the learned Court of Appeals, appears to be that evidence tending to show that the employee had abandoned his contract with good and sufficient cause, was available only to the defendant employee in a suit between the original employer and the employee, and was incompetent in an action brought by the original employer against the subsequent employer.

In this we are unable to concur. While it is true that this defense is expressly provided for only in Section 4337, which deals with the remedy in an action brought by the original employer against the employee, leaving his employ "without good and sufficient cause," and while the following Section 4338 defines the liability and sets forth the remedy against the subsequent employer, the two sections are parts of one act, closely related, referring one to the other, and we are of opinion, both upon a fair construction of the act as a whole, and upon reason and principle, that it was not the intention of the Legislature to make a subsequent employer absolutely liable, despite a reasonably established showing that the employee had left his former employer for "good and sufficient cause." We think it obvious that it was not the legislative intent to excuse the employee from liability to his former employer on these reasonable grounds, and

yet deny to the subsequent employer the right to prove and rely on the same grounds. A contrary view would be subversive of fundamental principles of contractual rights.

The liability for the damages resulting from the breach of contract of employment is primarily that of the employee who commits the breach, and he is expressly made so liable by the terms of the first section. Unless he had (1) bound himself by a contract, and had (2) thereafter breached it without good cause, no liability arose; and we think it an essential predicate of liability against a subsequent employer that both of these elements shall exist—the burden being on the plaintiff as to the first and upon the defendant as to the second of these propositions.

We appear to have but two cases in this State dealing with these Sections of the Code, neither of which appears to bear upon this specific question. *McCutcheon* v. *Taylor,* 11 Lea, 259, and *Morris* v. *Neville,* 11 Lea, 271. In the last cited case the instruction refused by the trial court, and in which refusal this court concurred, sought to have the defendant excused from liability upon evidence that the employee had broken the contract with his former employer "with or without cause." This ruling was correct, but quite obviously has no application here. The attempt here was to prove that the contract had been broken with good cause.

With respect to the charge as to the measure of damages, we concur with the Court of Appeals in holding that, while the "trial judge did commit error in inserting in his charge the words, 'would be the reasonable rental value of the lands,'" under the proof made in the case, and the limited recovery, this error was not so prejudicial as to call for a reversal. However, upon another trial, the instruction with respect to the measure of dam-

ages will be modified in accordance with the holding of the Court of Appeals, which cites and approves the opinion in *McCutcheon* v. *Taylor, supra.*

It results that the judgment of the Court of Appeals must be reversed and the case remanded.